UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE P. WALKUP and
NADJA A. CHAPMAN,

          Plaintiffs,

v.

TOYOTA MOTOR SALES USA, INC.,
a California corporation; and TOYOTA
MOTOR CORPORATION, a Japanese
Corporation,

          Defendants.

Case No. 01-60027-AA

Hon. Marianne O. Battani
Magistrate Judge Morgan

---

Ronald F. DeNardis (P23268)
**DENARDIS, McCANDLESS, BRENNAN**
  **& MILLER, P.C.**
70 Macomb Place, Suite 200
Mt. Clemens, Michigan 48043
(586) 469-9191
Attorneys for Plaintiffs

Herbert C. Donovan (P51939)
Maureen T. Taylor (P63547)
**BUTZEL LONG**
150 West Jefferson, Suite 900
Detroit, Michigan 48226
(313) 225-7000
Attorneys for Defendants

Edward A. Gray, Esquire (admitted in E.D. of MI)
**LAVIN, COLEMAN, O'NEIL, RICCI,**
  **FINARELLI & GRAY**
Penn Mutual Tower – Twelfth Floor Suite
510 Walnut Street
Philadelphia, PA 19106
Co-Counsel for Defendants

---

### DEFENDANTS' MOTION *IN LIMINE* AND BRIEF IN SUPPORT TO PRECLUDE REFERENCE TO THE APRIL 2001 REPLACEMENT OF CERTAIN COMPONENTS ON THE SUBJECT VEHICLE AS EVIDENCE OF WARRANTY REPAIR OR DEFECT

#### MOTION *IN LIMINE*

Defendants Toyota Motor Sales U.S.A., Inc. and Toyota Motor Corporation (collectively

"Defendants") hereby move this Court for an Order *in limine* prohibiting any mention, reference,



or argument, whether made directly or indirectly, that attempts to characterize the replacement of certain component parts on the Toyota Land Cruiser which is the subject of this litigation as evidence of warranty repair or of defect in the components that were replaced. This request is made for the reason that the replacement of certain component parts, and the tires, on the subject Land Cruiser took place only after the parties had jointly agreed, through their counsel, that a destructive tear down would take place to remove certain physical evidence from the vehicle for further forensic analysis by the parties and their respective technical experts and consultants. Only after those parts were removed for that purpose were they replaced with new parts. While Toyota Motor Sales U.S.A., Inc. provided the replacement parts without charge, and compensated the dealership for installing those parts, those activities were not reflective of the cause of the original failure of the parts removed from the subject vehicle. Consequently, reference to the replacement of those parts under these circumstances as evidence of defect or an admission of fault misstates uncontested facts.

**WHEREFORE**, Defendants respectfully request that this Court grant their Motion *in Limine* to preclude any reference to the replacements of those parts under these circumstances as evidence of defect or admission of fault.

## LOCAL RULE 7.1 CONFERENCE

On April 23, 2003, the parties conferred, pursuant to Local Rule 7.1(a) by telephone regarding the above Motion *in limine*, in which counsel for Defendants explained the nature of the Motion and its legal basis but did not obtain concurrence in the relief sought.

2

## DEFENDANTS' BRIEF IN SUPPORT

## ISSUE PRESENTED

Whether Plaintiffs should be precluded from any mention, reference or argument, whether directly or indirectly, that attempts to characterize the post tear down replacement of certain component parts on the Toyota Land Cruiser at issue as evidence of warranty repair, or defect, or admission of fault where the replacement occurred only after the parties' counsel conducted an agreed joint inspection and tear down to remove certain physical evidence from the vehicle for further forensic analysis by the parties and their respective technical experts and consultants; where any such reference misstates uncontested facts; and where any such reference would violate Federal Rules of Evidence 403 and 407.

Defendants Answer: Yes to all.

## CONTROLLING AUTHORITY

### Federal Rule of Evidence

Fed. R. Evid. 403

Fed. R. Evid. 407

## I. BACKGROUND

The traffic incident described in Plaintiffs' Complaint occurred on December 19, 2000. On December 20, 2000, Toyota of Bloomfield Hills (the "dealership"), a franchised dealership authorized to sell Toyota vehicles, unexpectedly received the subject Land Cruiser when Plaintiff Les Walkup caused the vehicle to be delivered to the dealership. (*See* Ex. A, Eis Dep. at 20:23-25; 21:1-10.) While a preliminary analysis of the vehicle, constituting only a visual inspection of the vehicle's exterior, including the front differential, was undertaken, no detailed analysis of the components of the vehicle was done because Mr. Walkup refused to authorize that inquiry. (Ex. A, Eis Dep. 59:7-16.) In fact, Mr. Walkup's counsel specifically directed Toyota Motor Sales and the dealership to desist from any further investigation or repair of the vehicle. (*See* Ex. B, January 22, 2001 letter from Ron DeNardis to Jodie Peery.)

Given Plaintiffs' refusal to authorize an investigation into the actual cause of failure of the front differential, and Plaintiffs' counsel's demand that no change be made to the vehicle, no such inquiry, and no repair, were undertaken. Rather, the parties agreed to a joint tear down and inspection of the vehicle's component parts so that those parts could be removed for submission to the parties' respective experts and consultants for forensic analysis and review. After the March 30, 2001 tear down and inspection, the component parts that were removed during that inspection needed to be replaced. Toyota Motor Sales U.S.A., Inc. therefore authorized, through its counsel, the dealership to install replacement parts. (*See* Ex. C, Authorization Note dated April 24, 2001.) On April 27, 2001, nearly a month after the agreed upon tear down and inspection of the component parts, Tom Kettinger, a service technician at the dealership,

5

replaced the vehicle's front end differential. (*See* Ex. D, Dealership Invoice.) No new parts were placed in the vehicle between December 20, 2000 and April 27, 2001.

## II. ARGUMENT

### A. PLAINTIFFS' ATTEMPTS TO MISCHARACTERIZE THE APRIL 2001 REPLACEMENT OF COMPONENT PARTS AS A "WARRANTY REPAIR" IS DIRECTLY CONTRADICTED BY THE UNDISPUTED FACTS.

The April 2001 replacement of component parts on the subject vehicle was not a warranty repair. The work was not performed for the benefit of the customer. Indeed, Plaintiffs and their counsel prohibited the dealership from touching the vehicle or its components for purposes of either investigation or repair. It was not until after the litigation began that the vehicle's front differential was permanently removed for forensic analysis and replaced with new parts. The front differential was removed on March 30, 2001, during a stipulated, videotaped joint tear down of the vehicle by the parties. The April 2001 replacement of the components removed was not authorized by Toyota Motor Sales U.S.A., Inc. for any reason other than to replace the parts removed and to preserve the value of the vehicle.

Determining the actual cause of a failure is a necessary prerequisite to approval of a warranty repair. Prior to the March 30th tear down, however, the dealership was precluded from making an informed decision regarding cause of failure, and whether the front differential was to be replaced under warranty, because an adequate determination could not be made until the internal components of the front differential were accessed and inspected. Again, Plaintiffs and their counsel would not authorize a tear down, let alone a repair of the vehicle. Their refusal to do so precluded the dealership from accurately analyzing whether a warranty replacement was appropriate.

6

Notwithstanding Plaintiffs' arguments to the contrary, the testimony of Messrs. Eis and Kettinger is not probative of whether warranty work was appropriate under these circumstances. Eis and Kettinger had no opportunity to adequately investigate the alleged problem and make a warranty determination. Before litigation ensued, Eis and Kettinger only visually inspected the undercarriage of the vehicle. When Plaintiffs' counsel asked Eis about warranty coverage for this repair (in the context of attempting to tie the warranty repair itself to an admission of defect), Eis replied:

> [W]e couldn't verify there was a problem as far as what the cause was **inside** [the differential case] . . . **I couldn't determine if it was a defect ... until it was completely tore apart.** . . .

Ex. A, Eis Dep. at 37:9-10 and 15-17. (Emphasis added.)

Eis' clear testimony confirms that the key to determining the cause of the failure was the tear down of the part itself. The front differential was not, however, disassembled before the parties' tear down and inspection of March 30, 2001. (*See* Ex. E, Kettinger Dep. at 54:5-9.) Given the Plaintiffs' decision to deny authorization to access the internal components of the front differential, Eis and Kettinger simply could not have made a determination that a warranty repair should have occurred absent a tear down and component inspection. By the time that tear down took place, the issue was the subject of litigation. Under these circumstances, it would be a clear and inappropriate mischaracterization of the record to suggest that Eis or Kettinger "authorized" warranty repairs before inspecting the internal components of the front differential or that the component part replacement that occurred on April 1, 2001 (after the joint tear down) was a "warranty repair." Plaintiffs' attempts to do so should be precluded by this Court.

B. **NO MATTER HOW THE APRIL 2001 REPLACEMENT OF COMPONENTS IS CHARACTERIZED, AND EVEN IF IT IS MISCHARACTERIZED AS A "WARRANTY REPAIR," IT MUST BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 407.**

Rule 407 of the Federal Rules of Evidence provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent remedial measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Even were the April 2001 replacement of components to be construed as a warranty repair, that work would be a "remedial measure" within the meaning of Rule 407. Thus, Plaintiffs cannot offer such replacement to prove fault or product defect. A "remedial measure" is defined as "those actions taken to remedy any flaw or failure." Fed. R. Evid. 407 Advisory Committee Commentary (quoting *Dow Chemical Corp. v. Weevil-Cide Co.*, 897 F.2d 481 (10th Cir 1990)). Remedial measures are not an admission of a defect. The parts at issue were replaced *after* the alleged incident (Ex. A, Eis Dep. at 28:13-14 and 19-23), and only after the parties agreed to a tear down that would allow further analysis of the parts. (*Id.* at 37:15-20.)

Plaintiffs' counsel has telegraphed his intent to link the post-tear down replacement of the parts removed during the tear down as a "warranty repair" and as an admission of fault by Defendants:

> Q: [Plaintiffs' counsel] . . . the decision had . . . been made that it **was a warranty repair because some component within the differential case was defective.** Is that correct?

\* \* \*

8

> A: We couldn't verify there was a problem as far as what the cause was inside.
>
> Q: But there was a defect that caused the front differential not to operate properly, is that correct?
>
> * * *
>
> A: Like I said, **I couldn't determine if it was a defect, because there was no outside abuse, until it was completely tore apart,** which, Mr. Donovan, I think you may have been there when they tore the vehicle apart, so that's when Toyota's techs were also there when I was gone.

Ex. A, Eis Dep. at 37:3-20. (Emphasis supplied.)

Plaintiffs' theory appears to be that warranty coverage, in and of itself and without adequate inspection of the cause of the failure, is evidence of a defect and an admission of fault. It is this unwarranted presumption that Rule 407 precludes.[1] Moreover, any preliminary observations or comments made by dealership personnel regarding the possibility of a warranty repair being undertaken are not probative of the issue of defect because, consistent with the testimony of those very same witnesses, no conclusion regarding the actual cause of product failure could have been made until after the parts were analyzed.

---

[1] Even though the April 2001 work was completed by the dealership, Toyota of Bloomfield Hills, which is not an agent of Toyota Motor Sales or Toyota Motor Corporation, Rule 407 still precludes admission of this evidence. The Sixth Circuit has held that Rule 407 excludes "evidence of remedial measures regardless of who undertook them." *In re Air Crash Disaster v. Northwest Airlines Co.*, 86 F.3d 498, 529 (6th Cir. 1996).

C.  **PREJUDICE AND AN ABSENCE OF PROBATIVE VALUE ALSO REQUIRE EXCLUSION OF THE APRIL 2001 WORK UNDER FEDERAL RULE OF EVIDENCE 403.**

The exclusion of evidence of subsequent remedial measures rests on the notions that these measures are simply not relevant and the probative value of this evidence is outweighed by its prejudicial effect. As confirmed by the court in *Hyjek*:

> [C]ourts have found that evidence of a subsequent repair is of little probative value, since the repair may not be an admission of fault. *See Columbia & Puget Sound R.R. Co. v. Hawthorne*, 144 U.S. 202, 207-208, 12 S. Ct. 591, 36 L. Ed. 405 (1982) (the Supreme Court reasoned that evidence of subsequent remedial measures could not be used to prove negligence because such evidence is irrelevant, confusing to the jury, and prejudicial to the defendant). Rule 407 is a rejection of the notion that "'because the world gets wiser as it gets older, therefore it was foolish before.'" Fed. R. Evid. 407 advisory committee note (quoting *Hart v. Lancashire & Yorkshire Ry. Co.*, 21 L.T.R.N.S. 261, 263 (1869).)

*Hyjek v. Anthony Indus.*, 944 P.2d 1036, 1037-58 (Wash. 1997) (a copy is attached as Ex. F. hereto.) Rule 403 clearly states the basis for the exclusion of this type of evidence:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

The April 2001 post tear down replacement of components of the Land Cruiser is not probative of product defect. Reference to that work as "evidence" of product defect would be highly prejudicial particularly where, as here, the parts were removed for the express purpose of allowing forensic analysis and where, as here, extensive forensic analysis was undertaken by both parties for the first time only after the tear down. Were the Plaintiffs allowed to

mischaracterize the work done in April 2001 as "warranty repairs", that testimony would be given undue weight by the jury. Such weight is unwarranted because no party had an opportunity to examine the components of the front differential until well after litigation commenced.

### III. CONCLUSION

Plaintiffs intend to mischaracterize the April 2001 replacement of components removed from the subject vehicle for technical analysis as a "warranty repair." Plaintiffs cannot, however, ignore the fact that the April 2001 work was authorized only to replace parts removed during the parties' March 30, 2001, tear down and to preserve the value of the vehicle and that no repair was undertaken for the benefit of the vehicle owner. Moreover, there was no adequate determination of this work as a warranty repair before the onset of litigation because Plaintiffs refused to authorize an investigation into the cause of alleged failure. Consistent with the testimony of its employees, Toyota of Bloomfield Hill's cursory, visual inspection of the subject vehicle, without the benefit of disassembling and analyzing the part at issue, could not provide its service personnel with information sufficient to establish whether warranty coverage was available or appropriate.

Regardless of how the April 2001 work is characterized, and even if it is characterized as a warranty repair, it is not an admission of fault. Plaintiffs' attempts to have the jury presume negligence or breach of warranty based on the mere fact that parts failed and were replaced is exactly the kind of prejudicial speculation precluded by Rules 407 and 403. For these reasons, the Toyota Defendants respectfully request that this Court enter its Order *In Limine* prohibiting any mention, reference, or argument, whether made directly or indirectly, that attempts to

11

characterize the replacement of certain component parts on the subject Toyota Land Cruiser as evidence of warranty repair or defect in the component parts which were replaced.

          Respectfully submitted,

          **BUTZEL LONG**

          By: _____
          Herbert C. Donovan (P51939)
          Maureen T. Taylor (P63547)

          150 West Jefferson, Suite 900
          Detroit, Michigan 48226
          (313) 225-7000
          Attorneys for Defendants

          *And*

          Edward A. Gray
          **LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**
          Suite 100 – Penn Mutual Tower
          510 Walnut Street
          Philadelphia, Pennsylvania 19106
          (215) 627-0303
          **Attorneys for Defendants**

Dated: April 24, 2003

522920

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SEE CASE FILE FOR
ADDITIONAL
DOCUMENTS OR PAGES
THAT WERE NOT
SCANNED