UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ORIGINAL**

LESLIE P. WALKUP and NADJA A. CHAPMAN,

    Plaintiff,

v.

TOYOTA MOTOR SALES USA, INC. and TOYOTA MOTOR CORPORATION,

    Defendant.
_____/

CASE NUMBER: 01-60027-AA

HON. MARIANNE O. BATTANI

U.S. DISTRICT COURT
ANN ARBOR
2003 MAY -9 P 3:27
FILED

## ORDER REGARDING MOTIONS

This order follows a motion hearing held on May 8, 2003. The results are as follows:

**PLAINTIFFS' MOTIONS:**

1. Plaintiffs' Motion to Bar Testimony of Defendants' Expert, Dennis Schneider (Doc #47) is **DENIED** to the extent stated on the record.

2. Plaintiffs' Motion for Sanctions Due to Defendants' Loss and Destruction of Crucial Evidence That Substantially Prejudices Plaintiffs, and Motion to Preclude Argument That Non-Party Walton Quick Lube is at Fault (Doc #52-1 and 52-2) is **GRANTED** in part to the extent stated on the record.

3. Plaintiffs' Motion to Preclude Testimony by Toyota's Experts That is Based Purely on Hearsay and is Unreliable (Doc #53) is **GRANTED** in part to the extent stated on the record.

4. Plaintiffs' Motion to Preclude any Reference to Plaintiff Leslie Walkup's Discharge from the Navy in 1988 (Doc #54) is **GRANTED** to the extent stated on the record.

5. Plaintiffs' Motion to Preclude Negative Evidence of Lack of Warranty and Related Claims (Doc #56) is **DENIED** to the extent stated on the record.

6. Plaintiffs' Motion to Preclude Toyota's Testing that is Not Based on Conditions Substantially Similar to the Incident in this Case (Doc #55) is **reserved** until the Court can review the video.

97

**DEFENDANTS' MOTIONS**

1. Defendants' Motion to Bar Plaintiff's Expert Witness Nate Ware from Testifying (Doc # 42) is **DENIED** to the extent stated on the record.

2. Defendants' Daubert Motion to Bar Lay Witnesses John Eis and Thomas Kettinger from Offering Expert Testimony (Doc #43) is **GRANTED** in part to the extent stated on the record.

3. Defendants' Motion to Preclude Any Reference to Nationality, Citizenship or Relationship (Doc #60) is **GRANTED** to the extent stated on the record.

4. Defendants' Motion re Numerous Irrelevant and Inadmissible and Unfairly Prejudicial Matters (Doc #61) is **GRANTED** to the extent stated on the record.

5. Defendants' Motion to Preclude Dr. Ganley From Testifying as to Causation (Doc #62) ; to Preclude Dr.Ciullo From Testifying as to Causation (Doc #64); to Preclude Dr. Honet from Testifying as to Causation (Doc #65) and to Preclude Dr. O'Neill from Testifying as to Causation (Doc #66) all are **DENIED** to the extent stated on the record.

6. Defendants' Motion to Preclude Reference to the April 2001 Replacement of Certain Components on the Subject Vehicle as Evidence of Warranty Repair or Defect Doc #67) is **GRANTED** to the extent stated on the record.

7. Defendants' Motion to Preclude Adverse Spoilation of Evidence Inference (Doc #68) is **reserved** for determination at trial.

8. Defendants' Motion to Exclude References by Plaintiffs to a Manufacturer's Alleged Post-Sale Duty to Recall (Doc #69) is **GRANTED** to the extent stated on the record.

9. Defendants' Motion to Preclude Statements by Non-Party Toyota of Bloomfield as Vicarious Admissions (Doc #70) is **GRANTED** to the extent that the statements were not adopted by defendants' district manager.

10. Defendants' Motion to Strike Opinion and Testimony of Michael D. Freeman, Ph.D. Doc. #73) is **DENIED** to the extent stated on the record.

11. Defendants' Motion for an Order that Michigan's Product Liability Non-Economic Damage Caps Apply to this Case (Doc #63) is **reserved** for determination after jury charge.

IT IS SO ORDERED.

May 9, 2003

_____
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF MAILING

I certify that a copy of this order was hand delivered to Ronald F. DeNardis, Herbert C. Donovan, Edward A. Gray on this date by ordinary mail.

Date   May 12, 2003

*M Peters*
Deputy Clerk   (734) 741-2488